IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. MILLER, | CASE NO. 4:24-cv-00076 |
| Plaintiff, | |
| | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

*Pro se* Plaintiff Joseph M. Miller, an Ohio inmate incarcerated in the Trumbull Correctional Institution ("TCI"), has filed an *in forma pauperis* prisoner civil rights complaint in this case pursuant to 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC") and two ODRC employees, Lieutenants Davis and Pratt. (Doc. No. 1, at 2–3, ¶ I.B.)

In his complaint, Plaintiff alleges that Davis and Pratt violated his rights and subjected him to excessive force in connection with a cell extraction that occurred at TCI. He alleges he "was excessively sprayed with fox (mace) and shot 15 times with bean bags over a 1 hour long cell extraction," resulting in serious injuries and leaving him unconscious. (*Id*. at 5, ¶ IV. D.) He seeks monetary damages from each lieutenant as well as from "the state." (*Id.* at 5, ¶ VI.)

**Standard of Review and Discussion**

Because Plaintiff is a prisoner seeking redress from governmental defendants and is proceeding *in forma pauperis*,[1] his complaint is subject to screening under 28 U.S.C. §§ 1915(e)

---

[1] The Court has granted Plaintiff's motion to proceed *in forma pauperis* by separate order.

and 1915A. Those statutes require the Court to review Plaintiff's complaint and to dismiss any portion of it before service that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Because Plaintiff is proceeding *pro se*, his complaint is construed liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Upon this review, the Court finds that Plaintiff's complaint may proceed against the individual defendants who Plaintiff alleges used excessive force against him.[2] However, his complaint must be dismissed against the ODRC.

Section 1983 creates a cause of action against "persons" who acted to deprive the plaintiff of a constitutional right. 42 U.S.C. § 1983. The ODRC, and the State of Ohio, are not "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Peeples v. Ohio Dep't of Rehab. & Corr.*, 64 F.3d 663 (6th Cir. 1995) (affirming the district court's dismissal of suit against the ODRC which held that "the ODRC is not a 'person'"). Furthermore, claims for damages against the State of Ohio and its agencies are barred by the Eleventh Amendment. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) ("absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court") (quotation and citation omitted); *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("state agencies, including

---

[2] When prison officials are accused of using excessive physical force against an inmate in violation of the Eighth Amendment, the core judicial inquiry is whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 1–2 (1992).

corrections departments and defendants in their official capacities, cannot be sued for monetary damages without the state's consent, pursuant to the Eleventh Amendment"). Accordingly, Plaintiff's damages suit against the ODCR—a state agency—is barred by the Eleventh Amendment because Ohio has not consented to suits in federal court and Congress has not abrogated Ohio's immunity under § 1983. *See Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020).

### Conclusion

Accordingly, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Plaintiff's complaint is hereby dismissed against the ODRC. This action shall proceed only as against individual defendants Davis and Pratt. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on these defendants, and **a copy of this order shall be included with the documents to be served.**

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date**: May 10, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE